**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR EDUARDO ALONZO CAYAX; LEONEL EDUARDO ALONZO ZUNIGA, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   12-71293 <br><br> Agency Nos.   A070-916-087 <br> A096-152-782 <br> A096-152-781 <br> A095-309-761 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 14, 2017
San Francisco, California

Before:  SILER,** TALLMAN, and BEA, Circuit Judges.

Petitioner Alonzo Cayax, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his applications for

asylum, withholding of removal, and protection under Article III of the Convention

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The Honorable Eugene E. Siler, United States Circuit Judge for the
Sixth Circuit, sitting by designation.

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and deny the petition.

The Immigration Judge ("IJ") denied Petitioner's applications. The IJ found Petitioner was credible, but that the single instance of harm in the record—which occurred in 1978, because of his role in the anti-government Partido Guatemalteco de los Trabajadores ("PGT")—did not rise to the level of past persecution. Neither had Petitioner shown a well-founded fear of future persecution or likelihood of torture upon removal.

On appeal, the BIA assumed the 1978 incident rose to the level of past persecution, raising a rebuttable presumption of a well-founded fear of future persecution. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 997 (9th Cir. 2003) (citing 8 C.F.R. § 208.13(b)(1)(i)). The BIA determined that the government had rebutted this presumption by showing a fundamental change of circumstances in Guatemala, *see id.*, and dismissed Petitioner's appeal. Substantial evidence supports the BIA's decision. *See id.* at 998 ("The BIA's decision [that Petitioner does not qualify for asylum] need only be supported by substantial evidence.").

The BIA relied on the following evidence of changed country conditions: (1) U.S. Department of State reports on the conditions in Guatemala since the Guatemalan civil war ended in 1996; (2) Petitioner's testimony that "he does not

2

even know whether the [PGT] still exists;" and (3) Petitioner's several safe return trips to Guatemala after 1978. Petitioner argues this evidence is insufficient to rebut the presumption of a well-founded fear of persecution because the reports are "inconclusive with respect to petitioner's specific circumstances." We disagree.

Based on the evidence before it, the BIA reasonably concluded that individuals in Petitioner's situation are no longer persecuted based on their past political activism during the Guatemalan civil war. *See id.* at 1000 ("[W]here the BIA rationally construes an ambiguous or somewhat contradictory country report and provides an 'individualized analysis of how changed conditions will affect the specific petitioner's situation,' substantial evidence will support the agency determination." (citation omitted)). This Court may not second-guess the BIA's interpretation of the country reports and how they will affect Petitioner's situation. *See id.* ("[T]he agency, not a court of appeals, must construe the country report and determine if country conditions have changed such that the applicant no longer has a well-founded fear of persecution."). The expert declaration Petitioner offered does not compel a different conclusion on this record.

Petitioner also claims the BIA impermissibly shifted the burden to Petitioner to show he had a well-founded fear of persecution. But because the BIA properly concluded the government had met its burden, this argument is without merit. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008) (dismissing same argument

3

because "[t]he BIA did not require [Petitioner] to prove that country conditions had not changed[,]" but rather determined "the government had succeeded in rebutting any showing of persecution").

Neither did the BIA err in rejecting Petitioner's independent basis for asylum—fear of future persecution based on his union activities in California. As the BIA observed, there was no specific evidence that individuals involved in unions in the United States are targeted in Guatemala, or that Petitioner would become involved in union or political activities upon his return to Guatemala. The BIA thus properly concluded that Petitioner had not shown his fear was objectively reasonable. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999) ("An alien's well-founded fear of persecution must be both subjectively genuine and objectively reasonable." (citation omitted)).

Because the BIA's asylum decision is supported by substantial evidence, Petitioner's withholding of removal claim necessarily fails. *See Sowe*, 538 F.3d at 1288 ("When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, *and* his or her claim for withholding of removal" (citation omitted)). Substantial evidence also supports the BIA's determination that Petitioner is ineligible for CAT protection, as Petitioner did not establish "it is more likely than not" he would be tortured by or with the consent of the government if returned to Guatemala. *See* 8 C.F.R. § 1208.16(c)(2);

4

*see also Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (petitioner must demonstrate "it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others" (citations omitted)).

PETITION DENIED.